UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
**ANNETTE SANDERSON** and
**JUSTICE BEY-ALLAH**,

              Plaintiffs,               **MEMDORANDUM & ORDER**
                                                                21-CV-2498 (AMD) (LB)

      -against-

**HSBC BANK USA**, **WELLS FARGO**, and
**AYDIN BK HOLDING INC.**,

              Defendants.
-----------------------------------------------------------X
**ANN M. DONNELLY**, United States District Judge:

On May 5, 2021, the *pro se* plaintiffs filed a complaint alleging federal mail fraud and state law tort claims in connection with a dispute over ownership of the deed to their home. (ECF No. 1.) For the reasons set forth below, the complaint is dismissed for failure to state a claim and lack of subject matter jurisdiction.

## BACKGROUND

The plaintiffs, who own and live in a property located at 318 East 16th Street, Brooklyn New York, allege that in November of 2004, Osmond Decoteau "recorded a fraudulent deed of ownership" and laid claim to their home. (ECF No. 1 at 3.) Mr. Decoteau sent the plaintiffs "false constructed legal documents" with the intent "to displace the family and ultimately sell the property for financial gain." (*Id.*) In 2007, the plaintiffs "received the first notice of foreclosure on [their] property." (*Id.* at 2.) The conflict remained "unresolved" until October of 2019, when the plaintiffs' home "was auctioned off and the new owner that acquired the property thru bidding . . . began a series of harassing phone calls." (*Id.*)

The plaintiffs allege that the defendants, who each appear to have some past or present ownership interest in the property, engaged in mail fraud, fraud, conversion and intentional

infliction of emotional distress. (*Id.* at 3-6.) The plaintiffs attach several exhibits to their complaint, purporting to show that plaintiff Annette Sanderson's late husband owned the property, which was sold several times over.[1] (*Id.* at 9-12.) The plaintiffs seek $10 million in damages. (*Id.* at 7.)

## LEGAL STANDARD

A federal court must "liberally construe[ ]" pleadings by pro se parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a pro se litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8.

A district court may dismiss a *pro se* action *sua sponte*, that is, on its own—even if the plaintiff has paid the requisite filing fee—if the action is frivolous, *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or if the court lacks subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal

---

[1] The plaintiffs do not explain plaintiff Justice Bey-Allah's connection to the property. The allegations in the complaint appear only to relate to plaintiff Annette Sanderson. The Court notes that Justice Bey-Allah was recently named as a party to an action challenging eviction from a different property. *See Pettus v. Erole,* No. 19-CV-5893 (AMD) (LB) (E.D.N.Y. closed Jan. 3, 2020).

subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

## DISCUSSION

### I. Mail Fraud

The plaintiffs allege that the defendants engaged in mail fraud in violation of 18 U.S.C. § 1341. Mail fraud can carry civil liabilities, but only if it falls into a "pattern of racketeering activity" as described in the Racketeer Influenced and Corrupt Organizations Act ("RICO"). *See* 18 U.S.C. § 1964(c) ("Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit."). "The essential elements of a mail fraud charge are (1) a scheme to defraud, (2) money or property as the object of the scheme, and (3) use of the mails to further the scheme." *United States v. Parse*, 789 F.3d 83, 121 (2d Cir. 2015) (internal quotation marks and citations omitted). A necessary element of a scheme to defraud is the making of a false statement or material misrepresentation, or the concealment of a material fact. *See Neder v. United States*, 527 U.S. 1, 25 (1999). "Plaintiffs must plead the alleged mail fraud with particularity, and establish that the mailings were in furtherance of a fraudulent scheme." *Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013).

Here, the plaintiffs have not alleged any facts in support of a claim of mail fraud against the named defendants. Instead, the plaintiffs allege that Mr. Decoteau and other individuals—

3

none of whom are named as parties—sent fraudulent documents purporting to show the sale of the plaintiffs' property. (ECF No. 1 at 3-5.) Indeed, the only facts the plaintiffs plead as to the named defendants are that plaintiff Sanderson's late husband "never had [a] contract [or] an agreement with" defendant HSBC Bank or defendant Wells Fargo, and that defendant Aydin BK Holding, Inc. was a "straw buyer" that unlawfully auctioned the plaintiffs' home in 2019. (*Id.* at 3, 6.) Accordingly, the plaintiffs have not stated a claim for mail fraud.

## II.  State Law Claims

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and the defendant are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). For a federal court to exercise subject matter jurisdiction based on diversity, there must be complete diversity of citizenship between all of the plaintiffs and all of the defendants. *Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 117–18 (2d Cir. 2014) ("Subject matter jurisdiction is based on 28 U.S.C. § 1332, which requires 'complete diversity,' *i.e.* all plaintiffs must be citizens of states diverse from those of all defendants."); *Lovejoy v. Watson*, 475 F. App'x 792, 792 (2d Cir. 2012) ("The complaint alleged that [the plaintiff] and the defendant resided in New York, thereby precluding diversity jurisdiction."). For purposes of diversity of citizenship, a corporation is a citizen of its state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332(c)(1); *see also Bayerische Landesbank*, 692 F.3d at 48.

The plaintiffs have not alleged facts sufficient to invoke the Court's diversity jurisdiction. It appears that complete diversity of citizenship is lacking since both the plaintiffs and defendant

4

Aydin BK holdings are citizens of New York. (ECF No. 1.) Accordingly, the Court does not have jurisdiction over the plaintiffs' state law tort claims.

## CONCLUSION

For the reasons stated above, the plaintiffs' complaint is dismissed without prejudice. In light of the plaintiffs' *pro se* status, the Court grants the plaintiffs leave to file an amended complaint within thirty days. If the plaintiffs decide to file an amended complaint, it should be titled "AMENDED COMPLAINT" and bear the same docket number as this order, 21-CV-2498 (AMD) (LB). An amended complaint will replace the original complaint. That is, the amended complaint must stand on its own without reference to the original complaint. The plaintiffs must set forth facts to support their claims. For example, for the RICO mail fraud claim, the plaintiffs must allege facts demonstrating a scheme to defraud, money or property as the object of the scheme, and use of the mails to further the scheme, as well as the use of the fraud in a RICO conspiracy.

In order to proceed on their state law claims, the plaintiffs must establish complete diversity of citizenship (meaning that no defendant can be a citizen of the same State as each plaintiff) and must set forth the amount in controversy in the amended complaint. *See, e.g., Pearson v. Reid-Robinson*, 632 F. App'x 19, 19 (2d Cir. 2016) (holding that courts should allow "plaintiffs to amend complaints to drop dispensable nondiverse defendants whose presence would defeat diversity of citizenship." (internal quotation marks and citation omitted)). If the plaintiffs cannot establish complete diversity of citizenship, they may file their tort claims in state court.

The Clerk of Court is respectfully directed to mail a copy of this Order to the *pro se* plaintiffs.

**SO ORDERED.**

                                                                               s/Ann M. Donnelly
                                                             ANN M. DONNELLY
                                                           United States District Judge

Dated: Brooklyn, New York
       May 27, 2021