UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ANNETTE SANDERSON and
JUSTICE BEY-ALLAH,

                Plaintiffs,                           **MEMORANDUM & ORDER**
                                                              21-CV-2498 (AMD) (LB)

      -against-

**HSBC BANK USA, WELLS FARGO,** and
**AYDIN BK HOLDING INC.,**

                Defendants.
-------------------------------------------------------------X

**ANN M. DONNELLY**, United States District Judge:

       On May 5, 2021, the *pro se* plaintiffs filed a complaint alleging federal mail fraud and state tort law claims in connection with a dispute over the ownership of the deed to their home. (ECF No. 1.) On May 27, 2021, I dismissed the plaintiffs' federal mail fraud claim and state law claims for failure to state a claim and for lack of subject matter jurisdiction. (ECF No. 5.) On June 24, 2021, the plaintiffs filed an amended complaint. (ECF No. 6.) For the reasons set forth below, the action is dismissed, without prejudice, for lack of subject matter jurisdiction.

## BACKGROUND

       The plaintiffs "contend that they are the legal owners of the premises known as 318 E 16th Street, Brooklyn, New York 11226," and that the defendants "foreclose[d] on the premises owned by the plaintiff[]s" without "legal or moral authority." (ECF No. 6 at 2.) The plaintiffs do not provide the citizenship of the defendants and allege that they have "no knowledge or information" whether any of the defendants "is a domestic corporation authorized to do business in the State of New York." (*Id.* at 1.) The plaintiffs seek $10 million in damages for the defendants' alleged collusion to foreclose on the plaintiffs' property. (*Id.* at 2-3.)

**STANDARD OF REVIEW**

A federal court must "liberally construe[ ]" pleadings by pro se parties, who are held to less stringent standards than attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even under this liberal standard, a pro se litigant's complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555); Fed. R. Civ. P. 8.

A district court may dismiss a *pro se* action *sua sponte*, that is, on its own—even if the plaintiff has paid the requisite filing fee—if the action is frivolous, *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000), or if the court lacks subject matter jurisdiction over the matter. Fed. R. Civ. P. 12(h)(3). "Failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700-01 (2d Cir. 2000); *see* Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when plaintiffs and defendants are of diverse citizenship and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

## DISCUSSION

The plaintiffs have not alleged any new facts that would support the Court's federal question jurisdiction. As an initial matter, the plaintiffs have not alleged any claims arising under federal law in their amended complaint. To the extent the plaintiffs allege "collusion" in obtaining a foreclosure against the property at 318 East 16 Street, that claim would arise under state law. *See* N.Y. Jud. Law § 487.

Under the diversity jurisdiction statute, federal courts have subject matter jurisdiction over state law claims where the plaintiff and the defendant are citizens of different states and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N.Y. Branch v. Aladdin Capital Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). The plaintiffs do not cite any facts from which the Court could determine whether the parties have complete diversity of citizenship and whether there is a good faith basis that the amount in controversy has been met. Moreover, as I noted in my last Order, it appears that complete diversity of citizenship is lacking since both the plaintiffs and defendant Aydin BK holdings are citizens of New York. (ECF No. 5.)

Because the plaintiffs have not alleged any new facts sufficient to invoke either the Court's federal question or diversity jurisdiction, the Court does not have jurisdiction over the plaintiffs' amended complaint.

## CONCLUSION

The action is dismissed, without prejudice, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). Although the plaintiffs paid the filing fee to commence this action, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal.

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).  The Clerk of Court is respectfully directed to enter judgment in favor of the defendant, mail a copy of this Order to the *pro se* plaintiffs, and close this case.

**SO ORDERED.**

                                                    s/Ann M. Donnelly
                                        _____
                                        ANN M. DONNELLY
                                        United States District Judge

Dated: Brooklyn, New York
       July 26, 2021